IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| BANCRÉDITO HOLDING CORPORATION,<br><br>**Plaintiff**<br><br>v.<br><br>NATALIA ZEQUEIRA-DIAZ, in her official capacity as Commissioner of the Office of the Commissioner of Financial Institutions of Puerto Rico, and OFFICE OF THE COMMISSIONER OF FINANCIAL INSTITUTIONS OF PUERTO RICO.<br><br>**Defendants** | **CIVIL NO. 22-1644** (RAM) |

## MEMORANDUM AND ORDER DENYING TEMPORARY RESTRAINING ORDER

This matter comes before the Court on Plaintiff Báncredito Holding Corporation's ("BHC") December 29, 2022 *Motion for Temporary Restraining Order and Preliminary Injunction*. (Docket No. 3). Plaintiff BHC is the sole shareholder of Báncredito International Bank and Trust Corporation ("BIBTC"). (Docket No. 1 ¶ 1). Defendants are Natalia I. Zequeira-Díaz in her official capacity as Commissioner of Financial Institutions of Puerto Rico ("the Commissioner") and the Office of the Commissioner of Financial Institutions of Puerto Rico ("OCIF"). Id. ¶¶ 6-7. BIBTC is undergoing liquidation proceedings under a voluntary Liquidation Plan (the "Liquidation Plan") it reached with OCIF on

August 9, 2022. Id. ¶ 9. The Liquidation Plan was approved by BHC as BIBTC's sole shareholder. (Docket No. 3-1 at 9).

In a nutshell, BHC alleges it will suffer irreparable harm if the Court does not issue a temporary restraining order barring the Commissioner and OCIF from enforcing an administrative Cease-and-Desist Order. (Docket No. 3-1). OCIF's Cease-and-Cesist Order prevents BHC from removing Juan Carlos Eyherabide and Ramon Ponte as members of the Board of Directors of BIBTC appointed by BHC under the Liquidation Plan. (Docket Nos. 1 ¶ 12; 3-1 at 12-13). BHC avers the Commissioner and OCIF's actions were *ultra vires* and have deprived BHC of its due process and property rights. (Docket No. 3-1 at 18-25).

For the reasons set forth below, the Court denies the request for a Temporary Restraining Order and sets deadlines for service of process upon Defendants and for them to respond to the motion for preliminary injunction.

## I. DISCUSSION

Courts may issue a temporary restraining order only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). It has long been established that under federal law, ex parte temporary restraining orders "should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." <u>Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.</u>, 415 U.S. 423, 439 (1974).

In the case at bar, Plaintiff **has not established that it would suffer irreparable harm *before* Defendants are given an opportunity to present their position to the Court**. Furthermore, BHC seeks a temporary restraining order that would provide them "with affirmative relief *changing* the status quo[,]" namely changing the composition of the board of directors that had previously been approved under the Liquidation Plan. <u>Sosa v. Lantz</u>, 660 F. Supp. 2d 283, 290 (D. Conn. 2009) (emphasis in the original). **The requested temporary restraining order is thus improper, as it would not preserve the status quo and amount to a determination on the merits**. *Cf.* <u>Bly v. McLeod</u>, 605 F.2d 134, 137 (4th Cir. 1979).

Accordingly, the request for a temporary restraining order against the Commissioner and OCIF is **DENIED**. Thus, Plaintiff's *Motion for Temporary Restraining Order and Preliminary Injunction* at Docket No. 3 is **DENIED IN PART** and **HELD IN ABEYANCE IN PART**.

## II. SCHEDULING ORDER

Plaintiff BHC shall serve defendants with process and copy of the motion for preliminary injunction by **January 5, 2023**. Defendants shall answer the Complaint and respond to the Motion for Preliminary Injunction by **January 12, 2023**.

The case is referred to a Magistrate Judge for a report and recommendation on the pending motion for preliminary injunction and all pre-trial proceedings.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico this 29th day of December 2022.

                                              s/Raúl M. Arias-Marxuach
                                              UNITED STATES DISTRICT JUDGE